UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-209-FDW
(3:16-cr-161-FDW-DCK-3)

| | |
|---|---|
| MARIO ALBERTO QUIROZ-GALVEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and on the Government's Motion to Dismiss, (Doc. No. 5).

**I.  BACKGROUND**

Pro se Petitioner Mario Alberto Quiroz-Galvez was involved in a drug-trafficking conspiracy that imported cocaine from California to distribute in North Carolina. (Crim. Case No. 3:16-cr-161-FDW-DCK-3, Doc. No. 53 at ¶¶ 12, 18, 20, 22: PSR). Following his participation in a transaction involving over 15 kilograms of cocaine, Petitioner was arrested in June 2016. (Id. at ¶¶ 18, 22). He had met with the drug supplier and an undercover officer, and, after his arrest, he admitted that he had received instructions regarding where to direct the tractor-trailer carrying the cocaine to go. (Id. at ¶¶ 12, 18, 22).

Petitioner was charged with conspiracy to distribute and to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846 (Count One) and aiding and abetting possession with intent to distribute cocaine, in violation of § 21 U.S.C. § 841(a)(1), 18 U.S.C. § 2 (Count Two). (Id., Doc. No. 16: Indictment). He agreed to plead guilty to Count

1

One. (Id., Doc. No. 40 at ¶ 1: Plea Agrmt.). In exchange, the Government agreed to dismiss Count Two. (Id. at ¶ 2). As part of Petitioner's plea agreement, the parties agreed that he was responsible for more than 15 kilograms, but less than 50 kilograms, of cocaine; that he could argue for application of the safety-valve adjustment; that he should receive a three-level reduction for acceptance of responsibility; and that the Government would not oppose a sentence at the bottom of the applicable guidelines range. (Id. at ¶ 8). Petitioner also agreed to waive the right to contest his conviction or sentence on direct appeal or in any post-conviction proceeding, with the exception of claims of ineffective assistance of counsel or prosecutorial misconduct. (Id. at ¶¶ 19-20). Petitioner also recognized as part of the plea agreement that he understood that pleading guilty might have consequences with respect to his immigration status. (Id. at ¶ 23).

At the plea hearing, Petitioner affirmed that: he understood the charges and applicable penalties; his attorney had advised him that he might be deported as a result of pleading guilty; he had discussed the sentencing guidelines with his attorney and understood that he could receive a sentence higher or lower than those guidelines and that if he received a higher sentence than he anticipated, he would still be bound by his plea; and that he understood and agreed with the terms of his plea agreement. (Id., Doc. No. 41: Acceptance and Entry of Guilty Plea). Additionally, Petitioner testified that he understood and agreed to the waiver of his right to challenge his conviction or sentence on appeal or in any post-conviction proceeding; that no one had made any promises or threats to induce him to plead guilty; and that he was satisfied with his attorney's services, stating, "He's an excellent attorney." (Id. at 3). The magistrate judge found that Petitioner's guilty plea was knowingly and voluntarily made and recommended that this Court accept it. (Id. at 4).

A probation officer prepared a presentence report, recommending that Petitioner's base offense level was 32, based on the quantity of drugs involved in the offense, and that he should receive a two-level reduction under U.S.S.G. § 5C1.2, as well as a three-level reduction for acceptance of responsibility, for a total offense level of 27. (Id., Doc. No. 53 at ¶¶ 28-29, 35-37). Because Petitioner had no prior criminal history, his criminal history category was I. (Id. at ¶ 42). The advisory guidelines range was 70-87 months of imprisonment. (Id. at ¶ 61). This Court ultimately sentenced Petitioner to 37 months of imprisonment. See (Id., Doc. No. 57: Judgment, Doc. No. 69: Order).

Petitioner did not appeal. Instead, he filed the pending, timely motion to vacate on April 18, 2017, placing the motion in the prison system for mailing on April 12, 2017. See (Civ. Doc. No. 3). In his motion to vacate, Petitioner argues that this Court erred by not downwardly departing at sentencing based on his status as a deportable alien and that, once he finishes serving his sentence, he will be illegally held without bail. (Id. at 4-5). The Government filed its response and motion to dismiss on August 4, 2017, arguing that this action should be dismissed because Petitioner's sentencing claim is waived, procedurally barred, and without merit, and his illegal detention claim is not ripe for review and does not present a justiciable issue. (Doc. No. 5). On August 14, 2017, this Court issued an order giving Petitioner notice of his right to respond to the Government's motion to dismiss. (Doc. No. 6). Petitioner has not filed a response, and the time to do so has passed. Therefore, this matter is ripe for disposition.

**II.     STANDARD OF REVIEW**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the

claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

The Court will grant the Government's motion to dismiss for several reasons. First, Petitioner waived the right to challenge his sentence as part of his plea agreement. A knowing and voluntary waiver of the right to pursue post-conviction relief is enforceable. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). The record shows that Petitioner knowingly and voluntarily agreed to the waiver provision in his plea agreement, and he does not challenge its validity in his Section 2255 motion. Accordingly, this claim will be dismissed as barred by the waiver in Petitioner's plea agreement. See Lemaster, 403 F.3d at 220.

Additionally, the sentencing claim also is procedurally barred because Petitioner did not appeal this issue. A Section 2255 motion is not a substitute for a direct appeal. See United States v. Frady, 456 U.S. 152, 165 (1982). Claims of error that could have been raised on direct appeal, but were not, are procedurally barred unless the petitioner shows both cause for the default and actual prejudice, or demonstrates that he is actually innocent of the offense. See Bousley v. United States, 523 U.S. 614, 621-22 (1998); United States v. Bowman, 267 F. App'x 296, 299 (4th Cir. 2008). Petitioner has not alleged cause or prejudice for his failure to raise this issue on appeal, nor has he shown that he is factually innocent of the underlying drug offense. Therefore, this claim also is procedurally barred. See Bousley, 523 U.S. at 621-22.

"Furthermore, the mere misinterpretation or application of a guideline provision generally does not amount to a miscarriage of justice that warrants relief under § 2255." United States v. Mikalajunas, 186 F.3d 490, 496-97 (4th Cir. 1999). Here, there was no misapplication

of the guidelines. Although the Court could have, in its discretion, departed based on Petitioner's status as a deportable alien, the Court's decision not to depart on this basis is not reviewable in a Section 2255 motion to vacate. See United States v. Saadvandi, 10 F. App'x 104, 106 (4th Cir. 2001) (recognizing a district court's decision not to exercise its discretion to depart downward is not reviewable). Accordingly, this Court will dismiss Petitioner's sentencing claim as waived, procedurally barred, and without merit.

Finally, Petitioner's assertion that after he serves his sentence he may be held without bail is speculative and not ripe for review. Pursuant to Article III of the Constitution, this Court may address only actual cases or controversies. Ripeness presents a "threshold question [] of justiciability." Scoggins v. Lee's Crossing Homeowners Ass'n, 718 F.3d 262, 269 (4th Cir. 2013). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Texas v. United States, 523 U.S. 296, 300 (1998) (internal quotation and citation omitted).

Here, Petitioner asserts that he may be detained without bail once he finishes serving his term of incarceration. Because he has not finished serving his term of incarceration and any claim that he will be illegally held without bail is speculative, this claim will be dismissed because it is not ripe for review. See Texas, 523 U.S. at 300; Calderon v. Ashmus, 523 U.S. 740, 748 (1998) (holding action for declaratory and injunctive relief in habeas context was not a justiciable case under Article III); see also United States v. Dyess, 730 F.3d 354, 359-60 (4th Cir. 2013) (holding it was proper to dismiss § 2255 claims based on vague and conclusory allegations).

Moreover, any such challenge appears to relate to a potential immigration detainer, rather than the sentence or judgment in Petitioner's criminal case. Petitioner has not shown that

5

Section 2255 would apply to such a claim. Accordingly, Petitioner's challenge to his potential detention is also subject to dismissal for lack of jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's § 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 3), is **DENIED** and **DISMISSED**. To this extent, the Government's Motion to Dismiss, (Doc. No. 5), is **GRANTED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: October 16, 2017

Frank D. Whitney
Chief United States District Judge